# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARMEN DYER, | : | |
| | : | |
| Defendant-Appellant, | : | Case No. 3:20-cr-00017 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff-Appellee. | : | |

___

**OPINION AND ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S DECISION (DOC. 1)**
___

This matter is before this Court on Defendant-Appellant's "Appeal of Magistrate's Decision" (Doc. 1) ("Appeal") and Brief in support of the Appeal (Doc. 3), filed on February 11, 2020 and April 7, 2020, respectively, by Carmen Dyer ("Ms. Dyer") against the United States of America ("Government"). Ms. Dyer asks this Court to reverse and remand the case for new sentencing on the grounds that the Magistrate Judge violated Ms. Dyer's right as a defendant to allocution prior to sentencing in trial court, pursuant to Fed. R. Crim. P. 32.

### I.    BACKGROUND

The record reflects that on October 23, 2019, the Magistrate Judge imposed a sentence after addressing defense counselor F. Arthur Mullins ("Mr. Mullins") and Ms. Dyer, stating that the Court would be "certainly happy to hear from you [Mr. Mullins], and also happy to hear from Ms. Dyer if you wish to say anything . . ." and subsequently asking Mr. Mullins if there was "anything further at this time from you or Ms. Dyer" before proceeding to impose a sentence. (Case No. 3:19-cr-84, Doc # 38 ("Sentencing Transcript"), at pp. 3, 10, 12-14.)

Following the Magistrate Judge's sentencing colloquy, Mr. Mullins stated: "Your Honor, I'm going to object to the sentence … And I apologize. I probably should have interrupted the Court, but Ms. Dyer did want to address the Court prior to you imposing a sentence. … And she didn't get a chance to do that." (*Id.* at p. 15.) The Magistrate Judge responded: "I certainly want to give her that opportunity. If I was less than clear, I apologize. I thought I was clear previously that either you or Ms. Dyer could speak. I am certainly happy to hear whatever she has to say." (*Id.*) Ms. Dyer then spoke, and the Magistrate Judge considered her statements and amended the sentence based on a portion of Ms. Dyer's statements regarding transporting her children to their jobs and activities. (*Id.* at pp. 15-17; *id.* at p. 19 (Magistrate Judge stating: "So having heard from Ms. Dyer, the Court will keep its sentence the same. I have already made clear when I issued the sentence a few moments ago that I will permit her to go on job interviews, church activities, and community service. The Court will amend it further: If notice is given to probation in advance and the schedule is set up that works for probation, that she may participate in her children's activities and their jobs.").)

Ms. Dyer asserts that the Magistrate Judge failed to directly address her during the sentencing and, therefore, "neglected to address her independent of her counsel." (Doc. 3 at PAGEID # 12.) Thus, Ms. Dyer claims that the Magistrate Judge failed to satisfy Rule 32 and that she is accordingly entitled to a "new sentencing hearing where she can be heard prior to the imposition of the sentence." (*Id.*)

The Government, in its "Response to Defense Appeal of Sentence" (the "Response") (Doc. 5), makes three arguments. First, the Sentencing Transcript reflects that the Magistrate Judge offered to hear anything Mr. Mullins or Ms. Dyer would like the trial court to consider, and that

2

this is sufficient to satisfy Rule 32. Second, that after the Magistrate Judge initially addressed both Mr. Mullins and Ms. Dyer prior to imposing a sentence, Mr. Mullins spoke extensively on the impact that punishment would have on Ms. Dyer's children and her employment status. The Government asserts that, following Mr. Mullins' conclusion, the Magistrate Judge "methodically recited" the factors to be considered and that at no time during this recitation did Mr. Mullins object on the grounds of allocution, effectively waiving the right. (Doc. 5 at PAGEID # 24.) Third, the Government points to the record to argue that, following the sentencing colloquy, Mr. Mullins "belatedly notified the Court that the Defendant would like to personally address him," and the Magistrate Judge allowed Ms. Dyer to reiterate Mr. Mullins' arguments on the potential impacts of punishment and assert two new persuasive points. (*Id.* at PAGEID # 25.) The Government argues that, because the Magistrate Judge clearly considered her statements and immediately amended Ms. Dyer's sentence to reflect the new considerations prior to adjournment, any mistake made by the court with regard to allocution is merely harmless error with no substantial effect on Ms. Dyer's rights.

## II.  LEGAL STANDARDS

Federal Rule of Criminal Procedure 32 sets forth the defendant's right of allocution, stating that, "[b]efore imposing sentence, the court must (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf; [and] (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence…." Fed. R. Crim. P. 32(i)(4)(A). To fulfill the requirements under Rule 32, the sentencing court "must personally and unambiguously invite the defendant to speak in his own behalf." *U.S. v. Thomas*, 875 F.2d 559, 563 (6th Cir. 1989), cert. denied, 493 U.S. 867, 110 S.Ct. 189, 107 L. Ed.

2d 144 (1989). "A trial court's failure to follow Rule 32's mandate constitutes reversible error." *U.S. v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 2007), abrogated on other grounds, citing *U.S. v. De Alba Pagan*, 33 F.3d 125, 129–30 (1st Cir. 1994).

Allocution "is designed to temper punishment with mercy in appropriate cases, and to ensure that sentencing reflects individualized circumstances." *De Alba Pagan*, 33 F.3d at 129. "[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green v. U.S.*, 365 U.S. 301, 304-05, 81 S.Ct. 653, 5 L. Ed. 2d 670 (1961); *see also U.S. v. Miller*, 849 F.2d 896 (4th Cir. 1988); *U.S. v. Phillips*, 936 F.2d 1252, 1256 (11th Cir. 1991) (collecting cases). "It is insufficient to give defense counsel, rather than the defendant, an opportunity to speak because [t]he most persuasive counsel may not be able to speak for a defendant as the defendant might . . . speak for himself." *Riascos-Suarez*, 73 F.3d at 627, quoting *Green*, 365 U.S. at 304.

Federal Rule of Criminal Procedure 52 addresses harmless and plain error. Rule 52(a) states: "[A]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Rule 52(b) provides that a "plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

In assessing whether the trial court's action amounted to plain error requiring remand, the reviewing court may review the record on the basis of "four distinct inquiries." *U.S. v. Vincent*, 20 F.3d 229, 234 (6th Cir. 1994). The reviewing court first considers if an error occurred in the trial court. *U.S. v. Wilson*, 87 F. App'x 553, 557, 2004 WL 259217 (6th Cir. 2004); *U.S. v. Olano*, 507 U.S. 725, 732-33, 113 S.Ct. 1770, 123 L. Ed. 2d 508 (1993). "If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an

'error' within the meaning of Rule 52(b) despite the absence of a timely objection." *Olano*, 507 U.S. at 733-34. Second, if an error occurred, then the reviewing court considers if the error was plain. *Wilson*, 87 F. App'x at 557; *Olano*, 507 U.S. at 734. Third, the reviewing court inquires if the plain error affects substantial rights. *Olano*, 507 U.S. at 734. Finally, even if an error occurred, the error was plain, and the error affected substantive rights, the reviewing court must then consider whether to exercise its discretionary power under Rule 52(b), or in other words, the reviewing court must decide whether the plain error affecting substantial rights "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *U.S. v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L. Ed. 2d 1 (1985) (internal quotation omitted); *see also Vincent*, 20 F.3d at 234; *Olano*, 507 U.S. at 735-36.

### III. ANALYSIS

Ms. Dyer claims that the Magistrate Judge violated her right of allocution by failing to directly address her. Although this Court does not disagree that that the trial court should have been more clear when it addressed Ms. Dyer, this Court finds that any error was harmless because Ms. Dyer's substantial rights were not affected.

It is well-established that the right to allocution is more than a procedural formality. "A defendant has the right to address the sentencing court and demonstrate why he or she deserves a lesser penalty than the court would otherwise be inclined to impose." *Riascos-Suarez*, 73 F.3d at 627. In *Thomas*, the Sixth Circuit Court of Appeals held that a sentencing court could satisfy the requirement by inviting "either" the defendant or counsel to address the court on the defendant's behalf. 875 F.2d at 563. However, the Court of Appeals later overturned its *Thomas* decision in *Riascos-Suarez* by revising its position to now require that the sentencing court "personally and

unambiguously invite" defendants to speak on their own behalf. 73 F.3d at 627. The Supreme Court noted in *Green* that there should be no room for doubt that the sentencing court issued an invitation to speak directly to the defendant before imposing the sentence. 365 U.S. 301, 304-05.

Here, where the Magistrate Judge issued his invitation to Mr. Mullins and not directly to Ms. Dyer, independent of her counsel, this Court finds that there is room for doubt that the invitation was clear. However, this Court finds merit in the Government's argument that it was harmless. The record reflects that Mr. Mullins, despite his failure to object to the violation in a timely manner, informed the Magistrate Judge after imposing the sentence that Ms. Dyer wished to address the court. (Sentencing Transcript at p. 15.) The record also shows that there was no objection by the Government to Ms. Dyer's untimely address, and that the Magistrate Judge did, in fact, welcome the opportunity to hear her. (*Id.*) As a result of her assertion that she needed to be able to transport her children, the Magistrate Judge amended the sentencing conditions of house arrest to include exceptions so that she could drive her children to work and activities.

Courts have established that the underlying purpose of the right of allocution is to ensure that the defendant has an opportunity to state any individual circumstances that may mitigate the sentence.[1] The reviewing court may only remand cases for a new sentencing where the defendant's substantial rights were affected. The purpose of remand, in this context, is to place defendants "in the same position as if [they] had never been sentenced." *Riascos-Suarez*, 73 F.3d at 628, quoting *U.S. v. Maldonado*, 996 F.2d 598, 599 (2d Cir. 1993).

The trial court's action may reasonably constitute an error because the Magistrate Judge did not direct his invitation to Ms. Dyer in a manner that clearly satisfies Rule 32 and Ms. Dyer

---

[1] *See, e.g., De Alba Pagan*, 33 F.3d at 129 ("Allocution is designed to temper punishment with mercy in appropriate cases, and to ensure that sentencing reflects individualized circumstances").

6

did not waive her right of allocution.² According to *Riasco-Suarez*, however, Ms. Dyer did not experience harm or prejudice as a result of her tardy allocution. Her sentence was amended prior to adjournment by the trial court after she had the opportunity to state circumstances that did, in fact, mitigate her sentence. The amended final sentence reflects the trial court's consideration of her statement, effectively imposing a new sentence after allowing Ms. Dyer to speak. *See Maldonado*, 996 F.2d at 599 (holding that remand corrects the violation by placing the defendant in a position as if they had not been sentenced without the opportunity to speak). As such, the Magistrate Judge essentially already granted the relief Ms. Dyer seeks.

### IV. CONCLUSION

This Court finds that because the trial court allowed Ms. Dyer to make a statement during the sentencing hearing and because her allocution was incorporated into her amended sentence in the form of new exceptions to house arrest as if she had been heard prior to sentencing, substantial rights were not affected and Ms. Dyer suffered no substantial harm nor prejudice. Any error constitutes harmless error under Rule 52(a). Accordingly, this Court denies Ms. Dyer's Appeal (Doc. 1).³

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 3, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

² *See Olano*, 507 U.S. at 732 ("If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection").
³ The Court acknowledges the valuable contribution and assistance of judicial extern Naomi Tellez in drafting this order.